| | |
|---|---|
| District Court, El Paso County, State of Colorado<br><br>270 South Tejon Street, Colorado Springs, CO 80903 | DATE FILED: July 13, 2018 9:12 AM<br>FILING ID: 127CE01BC3DC4<br>CASE NUMBER: 2018CV31729 |
| KIMBERLY ARGO,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | ▲   **COURT USE ONLY**   ▲ |
| Attorneys for Plaintiff<br>Kim Welch, Atty. No. 45439<br>Kim Welch Law, Inc.<br>422 E. Vermijo Ave., Ste. 402<br>Colorado Springs, CO 80903<br>Phone 719-465-1697<br>Email kimwelch@kimwelchlaw.com | Case No.:   18 CV _____<br><br><br>Div.: _____ |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Kimberly Argo ("Plaintiff"), by and through her attorney, Kim Welch Law, Inc., hereby submits the following as and for her Complaint against State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"), and states as follows:

## I. GENERAL ALLEGATIONS, INCLUDING PARTIES AND JURISDICTION

1. On April 19, 2016, a motor vehicle collision occurred at the intersection of Powers Blvd. and Dublin in the City of Colorado Springs, Colorado, whereby a vehicle driven by Stephanie A. Krumlauf rear-ended Plaintiff's vehicle, causing damage to both vehicles.

2. At all times relevant, Plaintiff was a resident of the City of Colorado Springs, County of El Paso, State of Colorado.

3. Upon information and belief, Defendant is a foreign corporation authorized to do business in the State of Colorado, and is doing business in the City of Colorado Springs, County of El Paso, State of Colorado.

4. Venue is proper in the City of Colorado Springs and County of El Paso, and the District Court of the County of El Paso has jurisdiction over this matter.

5. At the time of the collision, Stephanie A. Krumlauf, the at fault driver, had liability insurance with Progressive with policy limits of $50,000.00.

6. Plaintiff settled her claims against Stephanie A. Krumlauf, who was insured with Progressive for the $50,000.00 liability policy limits, with the written, prior consent of State Farm.

7. Plaintiff's injuries and damages have a value in excess of $50,000.00.

8. At the time of the collision, Plaintiff maintained underinsured motorist ("UIM") insurance coverage through State Farm.

9. Pursuant to Plaintiff's UIM policy through State Farm, UIM benefits are available to Plaintiff for injuries, damages, and losses caused by the collision that exceed the limits of any other primary policy, which in this case was the Progressive policy with limits of $50,000.00.

10. On May 4, 2018, Plaintiff made a demand on State Farm, pursuant to the UIM provisions of her policy for the full benefits/limits of her UIM coverage.

11. State Farm has evaluated Plaintiff's claims and believes that Plaintiff has been fully compensated by receiving Progressive's $50,000.00 liability policy limits, and, therefore, State Farm has not offered Plaintiff any UIM benefits from her policy.

12. State Farm has not paid Plaintiff any amounts for UIM benefits.

13. Defendant's denial of UIM benefits was intentional, unreasonable, and grossly unfair.

14. Defendant knew or should have known that its evaluation of Plaintiff's claims was unreasonably low and not fair.

15. Plaintiff has fulfilled all conditions precedent to UIM insurance benefits coverage, including payment of insurance premiums and any and all contractual duties that might be owed to State Farm.

## II. FIRST CLAIM FOR RELIEF
### (UIM BENEFITS)

16. Plaintiff incorporates by reference each paragraph of this Complaint as if fully set forth herein.

17. Plaintiff is a first party claimant.

18. Plaintiff's UIM benefits claims have a reasonable value of many times the amount offered by State Farm, as State Farm did not offer Plaintiff any UIM benefits.

19. Plaintiff is entitled to and demands payment of the UIM benefits from her policy through State Farm.

20. State Farm does not have a reasonable basis for its denial of Plaintiff's claim for UIM benefits and its failure to offer any of those benefits whatsoever.

21. Plaintiff is entitled to the remedies provided in C.R.S. 10-3-1115 and 10-3-1116.

### III.  SECOND CLAIM FOR RELIEF
### (BAD FAITH/BAD FAITH BREACH OF INSURANCE CONTRACT)

22. Plaintiff incorporates by reference each paragraph of this Complaint as if fully set forth herein.

23. The conduct of State Farm as set forth above, in particular the intentional denial of Plaintiff's claim for UIM benefits, constitutes a bad faith breach of the insurance contract between Plaintiff and State Farm.

24. State Farm knew or should have known about the consequences of its unfair analysis of Plaintiff's claims and its failure to offer Plaintiff any UIM benefits whatsoever.

25. State Farm has breached its various duties and obligations under the Unfair Claims Practices Act, including but not limited to: C.R.S. §§ 10-3-1104(1)(h), (III), (IV), (V), (VI), (VII), and (XIV).

26. State Farm knew or should have known that its actions were unreasonable, and its actions constitute an anticipatory repudiation of its obligations under the Policy, constitute a bad faith breach of its contractual agreement, and are an abuse of the insurer-insured relationship that existed between the parties.

27. Plaintiff has been damaged as a proximate result of State Farm's bad faith.

28. State Farm's conduct has been attended by circumstances of willful, wanton, and outrageous conduct.

### IV.  PRAYER FOR RELIEF

Plaintiff requests the following relief:

    A.    Contractual UIM benefits pursuant to her policy through State Farm, including past and future medical expenses, wage loss, loss of earning capacity, noneconomic damages, permanent physical impairment, and pre-judgment interest;

    B.    Double damages pursuant to C.R.S. 10-3-1115 and 10-3-1116;

    C.    Reasonable attorney's fees and costs pursuant to C.R.S. 10-3-1115 and 10-3-1116;

    D.    Noneconomic damages caused by State Farm's tortious conduct, including pain, suffering, inconvenience, loss of enjoyment of life;

    E.    Statutory and common law interest; and

    F.    Such other and further relief as the Court deems just and reasonable.

**PLAINTIFF DEMANDS TRIAL TO A JURY.**

Respectfully submitted this 13th day of July, 2018.

    KIM WELCH LAW, INC.
    */s/    Kim Welch*
    Kim Welch, #45439

    *\*Pursuant to Rule 121, §1-26, this document has been electronically filed. A duly signed original is available at the law firm of KIM WELCH LAW, INC.*

Address of Plaintiff:
Kimberly Argo
c/o Kim Welch Law, Inc.
422 E. Vermijo Ave., Ste. 402
Colorado Springs, CO 80903