IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–02059–RM–KMT

KIMBERLY ARGO,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

## ORDER

---

    Before the court is Plaintiff's "Motion to Amend Complaint." (["Mot."], Doc. No. 41.) Defendant has responded in opposition to Plaintiff's motion, and Plaintiff has replied. (["Resp."], Doc. No. 44; ["Reply"], Doc. No. 45.)

    On July 13, 2018, Plaintiff Kimberly Argo filed this lawsuit, in Colorado state court, against her automobile insurance provider, Defendant State Farm Automobile Insurance Company, to recover policy benefits for underinsured motorists' coverage ["UIM"]. (Doc. No. 1 at Ex. 7.) Defendant removed the case to federal court, on August 13, 2018, on the basis of diversity jurisdiction. (Doc. No. 1 at 1-3.)

    In her initial Complaint, Plaintiff alleges that, after she was injured in an April 19, 2016 car accident, Defendant unreasonably denied her claim for UIM benefits, in violation of Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116. (Doc. No. 3 at 1-3.) Plaintiff further

alleges that Defendant's actions amounted to a bad faith breach of her insurance contract, in violation of Colorado Revised Statutes §§ 10-3-1104(1)(h)(III)-(VII), (XIV). (*Id.* at 3.) Plaintiff seeks to recover: (1) UIM policy benefits, "including past and future medical expenses, wage loss, loss of earning capacity, noneconomic damages, permanent physical impairment, and pre-judgment interest;" (2) statutory "double damages" and attorneys' fees under § 10-3-1116; (3) noneconomic damages "caused by [Defendant]'s tortious conduct," including pain, suffering, inconvenience, and loss of enjoyment of life; and (4) statutory and common law interest. (*Id.* at 4.)

On June 24, 2019, Plaintiff filed a motion for leave to amend her complaint, asking to add punitive damages. (Mot. 9.) Plaintiff argues that she should be allowed to amend her complaint, under Federal Rule of Civil Procedure 15(a), because Defendant "neglected its duty to handle [her] UIM claim in good faith, [to] fairly value her claim, and to do so without unreasonable delay," and that "such negligence was willful and wanton subjecting Defendant to punitive damages." (*Id.* at 6-7.)

The proposed Amended Complaint, attached as an exhibit to Plaintiff's motion, does not add any new causes of action, but instead augments her previous request for relief. (*See* Mot. Ex. 9.) In the proposed Amended Complaint, Plaintiff alleges that "Defendant's bad faith breach of its contractual agreement and its abuse of the Insurer-Insured relationship that existed between the parties subjects Defendant to a claim for punitive and/or exemplary damages."[1] (*Id.* at 3 ¶

---

[1] As a technical matter, Plaintiff's request to add a "claim" for punitive damages is misstated. In Colorado, punitive damages is not an independent, stand-alone cause of action. *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 213 (Colo. 1984). Rather, it is a remedy available in conjunction with an underlying claim for actual damages. *Id.*; *see also Mason v. Texaco, Inc.*, 948 F.2d

30.) Plaintiff asks for "punitive and/or exemplary damages in an amount to be determined at trial," in addition to the relief already requested in her initial complaint. (*Id.* at 4.)

Federal Rule of Civil Procedure 15(a), which applies here,[2] provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

Defendant opposes Plaintiff's motion to amend on several grounds. First, Defendant argues that Plaintiff has failed to present *prima facie* evidence to show that punitive damages is a triable issue in this case. (Resp. 3.) Specifically, Defendant contends that Plaintiff has failed to allege that Defendant's actions or omissions were "willful and wanton" under Colorado law. (*Id.* at 6-7.) Defendant argues that Plaintiff's request for punitive damages is based, solely, on her

---

1546, 1554 (10th Cir. 1991) ("A punitive damage claim is not an independent cause of action or issue separate from the balance of a plaintiff's case.").

[2] Plaintiff filed her motion for leave to amend on June 24, 2019, the date on which any amended pleadings were due. (*See* Doc. No. 33). Because Plaintiff's motion was timely filed, the Rule 15(a) standard applies. *See* Fed. R. Civ. P. 15(a), 16(b).

"disagreement regarding the value State Farm placed on her insurance claim." (*Id.* at 6.) It maintains that, under Colorado law, a "mere disagreement[] regarding the value of an insurance claim" cannot support a request for punitive damages. (*Id.*) Finally, Defendant argues that, because Plaintiff has already asked for statutory "double damages" under § 10-3-1116, the "deterrent purpose" of punitive damages "has already been served" in this case. (*Id.* at 8.) Defendant contends that Plaintiff's assertion of both punitive damages and statutory damages would "create[] a redundant effect," which "could result in juror confusion, unnecessary costs, and complications of issues." (*Id.* at 9.)

In diversity cases, the award of punitive damages is a matter of state law. *Klein v. Grynberg*, 44 F.3d 1497, 1503 (10th Cir. 1995). Under Colorado law, which applies here, punitive damages are only available via statute. *Ferrer v. Okbamicael*, 390 P.3d 836, 847 (Colo. 2017) (citing *Kaitz v. Dist. Court*, 650 P.2d 553, 556 (Colo. 1982)). Colorado Revised Statute § 13-21-102 sets out the standard for punitive damages in Colorado, providing that "the injury complained of [must be] attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a); *Qwest Services Corp. v. Blood*, 252 P.3d 1071, 1092 (Colo. 2011). Section 13-21-102(1.5)(a) provides that a request for punitive damages "may not be included in any initial claim for relief," but instead "may be allowed by amendment to the pleadings only after . . . the plaintiff establishes *prima facie* proof of a triable fact."[3] Colo. Rev.

---

[3] The Tenth Circuit has not addressed whether § 13-21-102(1.5)(a), which is procedural in nature, is applicable to a motion to amend in a federal diversity case applying Colorado law, or whether the inquiry is governed, solely, by Rule 15(a). Lower courts have found the Colorado statute to be applicable in such cases. *See, e.g., Espinoza v. Am. Family Mut. Ins. Co.*, No. 08-cv-00709, 2008 WL 4059851, at *2 (D. Colo. Aug. 29, 2008); *Am. Econ. Ins. Co. v. William Schoolcraft, M.D.*, 2007 WL 160951, at *1-2 (D. Colo. Jan. 17, 2007). Further, neither party in this case disputes the applicability of the statute to the determination of whether Plaintiff can add

Stat. § 13-21-102(1.5)(a). "The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. Dist. Court*, 619 P.2d 768, 771 (Colo. 1980). The evidence submitted must show "a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Stamp. v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007) (en banc) (quoting *Leidholt*, 619 P.2d at 771 n. 3). To add punitive damages to her requested relief, therefore, Plaintiff must set forth *prima facie* proof that Defendant acted with "willful and wanton conduct."[4] *See* Colo. Rev. Stat. § 13-21-102(1.5)(a).

Section 13-21-102(1)(b) defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." Colo. Rev. Stat. § 13-21-102(1)(b). "[W]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements of section 13-21-102 are met." *Qwest*, 252 P.3d at 1092 (quoting *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005)).

In her proposed Amended Complaint, Plaintiff alleges that Defendant, in denying her insurance claim, engaged in "willful and wanton" conduct, because it "valued the claim based on assumptions with no records and no investigation to support its valuation." (Mot. 3.) Plaintiff alleges, specifically, that Defendant improperly concluded that she suffered from pre-existing

---

a claim for punitive damages. Therefore, the court will apply § 13-21-102(1.5)(a) to the facts of this case.

[4] Plaintiff does not allege that punitive damages are appropriate due to fraud or malice. *See* Colo. Rev. Stat. § 13-21-102(1)(a).

"degenerative conditions," despite "never request[ing] prior records to determine if [she] was symptomatic prior to the accident." (*Id.* at 3.) Plaintiff further alleges that Defendant mischaracterized her "SI joint dysfunction" as a "sprain," without any supporting documentation or investigation, and that in doing so, it "totally disregarded [her] permanent injuries as shown in her medical records and through objective evidence." (*Id.*)

In support of these contentions, Plaintiff has attached an "Auto Injury Evaluation" form, which was completed by Defendant. (Mot. Ex. 4.) The "Auto Injury Form" summarizes Plaintiff's post-accident medical treatment, and concludes that she suffers from "degenerative conditions," but makes no reference to her pre-accident medical history. (*Id.* at 2-5.) Plaintiff has also submitted deposition testimony by Defendant's claims adjuster, Scott Blehm. (Mot. Ex. 6.) Blehm testified that his actions, with respect to investigating and evaluating Plaintiff's insurance claim, were deliberate. (*Id.* at 21:19-22:24.) In addition, Plaintiff has provided evidence to show that Defendant knew that it had a duty to "perform a full, fair, and prompt investigation." (Mot. Ex. 7 at 23:21-24:3.) Finally, Plaintiff has submitted an affidavit by an insurance industry standards expert, which states that Defendant intentionally "acted unreasonably in the handling of [Plaintiff]'s claim," and that it "did not perform a reasonable investigation" with respect to Plaintiff's medical history. (Mot. Ex. 8 at ¶¶ 8-9.)

This evidence, viewed in the light most favorable to Plaintiff, suffices to make out a *prima facie* case of willful and wanton conduct under § 13-21-102. *See State Farm Mut. Auto. Ins. Co. v. Fisher*, No. 08-cv-01687, 2009 WL 1011194, at *4 (D. Colo. Apr. 15, 2009) (finding evidence that insurance claim adjuster "lacked familiarity with the governing case law," as well as expert testimony that the insurance company "engaged in bad faith" to be sufficient to show

6

willful and wanton conduct to support amendment to add punitive damages); *Cunningham v. Standard Fire Ins. Co.*, No. 07-cv-02538, 2008 WL 4371929, at *1-2 (D. Colo. Sept. 23, 2008) ("The Court finds that Defendants' alleged failure to engage in any investigation and/or action on Plaintiff's claims may demonstrate a *prima facie* case of heedless or reckless disregard for the consequences or rights of the insured."); *Am. Econ. Ins. Co. v. Schoolcraft, M.D.*, No. 05-cv-01870, 2007 WL 160951, at *3-4 (D. Colo. Jan. 17, 2007) (finding deposition testimony that the insurer's actions were "deliberate," coupled with expert opinion reports stating that the insurer's actions were unreasonable and contrary to generally accepted insurance practices, to be sufficient to show willful and wanton conduct to support punitive damages); *see also Bullock v. Freightliner, LLC*, 2009 WL 416506, at *3 (D. Colo. Feb. 17, 2009) (finding that a plaintiff's "mere assertion [of] the existence of [a faulty] sleeper compartment," without any supporting evidence, failed to present *prima facie* proof of a triable issue supporting a claim for punitive damages). Therefore, because Plaintiff has established *prima facie* proof on a triable issue, and because leave to amend should be "freely given," Plaintiff may amend her complaint to request punitive damages.

Defendant insists, nevertheless, that Plaintiff is not entitled to add punitive damages to her complaint, because she has already requested statutory damages under § 10-3-1116. (Resp. 8-9.) In other words, Defendant contends that punitive damages and statutory damages are mutually exclusive forms of relief. But Defendant has not identified, nor has the court found, any authority to support that contention. *See State Farm*, 2009 WL 1011194, at *2, 5 (rejecting an insurance company's contention that § 10-3-1116 bars "duplicative" punitive damages).

Defendant also argues that Plaintiff has failed to make a *prima facie* showing of willful and wanton conduct under § 13-21-102, because "the evidence reveals that State Farm reasonably reviewed the documentation provided to it." (Resp. 3.) Defendant argues that "Plaintiff's medical records reveal[] longstanding, pre-existing degenerative and arthritic issues with her thoracic and cervical spine." It contends that Plaintiff's "current symptomatology may be more attributable to her pre-existing conditions than the subject motor vehicle accident." (*Id.* at 3-4) As evidence, Defendant has submitted a post-accident MRI report of Plaintiff's cervical spine, dated June 23, 2016, which notes "multilevel degenerative changes," including a "loss of disc height at C5/6," and "grade 1 anterolisthesis [and] bilateral facet arthropathy [at C2/3]." (Resp. Ex. A.) However, Defendant has failed to show, or even allege, that it investigated Plaintiff's medical history, prior to the April 19, 2016 car accident, to confirm the existence of a "longstanding, pre-existing" condition.

Defendant also argues that, because punitive damages must be proven beyond a reasonable doubt at trial, the court "must view the evidence presented through the prism of [that] substantive evidentiary burden." (Resp. 6.) In support of that contention, Defendant relies on *Muniz v. Kmart Corp.*, No. 06-cv-00084, 2007 WL 1964069 (D. Colo. July 2, 2007). (*Id.*) In *Muniz*, the court denied a plaintiff's request to add punitive damages, after the scheduling order deadline, because the evidence to support the proposed amendment was deemed to be insufficient to withstand a motion for summary judgment. *Muniz*, 2007 WL 1964069, at *2, 7-8. In that circumstance, the court noted that a motion for leave to amend can be properly denied, based on futility, if "the proposed amended complaint would be subject to dismissal for any reason, including the amendment would not survive a motion for summary judgment." *Id.* at *7.

The court's analysis, however, simply restates the standard for evaluating a motion to amend under Rule 15(a). *See Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997), *cert. denied*, 524 U.S. 958 (1998). *Muniz* nowhere suggests that a plaintiff *must* establish willful and wanton conduct, beyond a reasonable doubt, as a prerequisite to amend a complaint to add punitive damages. Indeed, it is well-settled that a plaintiff need only put forth evidence to establish a *prima facie* case of willful and wanton conduct to satisfy the requirements of § 13-21-102(1.5)(a). *See RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 2018 WL 3055772, at *4 (D. Colo. May 10, 2018) ("At this stage of the litigation, the Court is only concerned with whether the evidence, when viewed in the light most favorable to Plaintiffs, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of allowing Plaintiffs to amend their Complaint to include exemplary damages, not whether such evidence is sufficient to defeat a motion for summary judgment or to result in a jury verdict in Plaintiffs' favor."); *Am. Econ.*, 2007 WL 160951, at *4 ("I am concerned here only with the preliminary question of whether [the plaintiffs] have made a *prima facie* case under § 13-21-102(1.5)(a), not with summary judgment."); *see also l'Mnaedaft, Ltd. V. Intelligent Offfice Sys., LLC*, No. 08-cv-01804, 2009 WL 77498, at *2 (D. Colo. Jan. 12, 2009) (finding that detailed factual allegations, alone, constituted an "offer of proof" sufficient to establish the *prima facie* showing required for punitive damages).

In this case, there is no reason to deny Plaintiff's request for leave to amend. There is no indication that Plaintiff acted in bad faith or with undue delay. Plaintiff, in fact, asked to amend her pleading within the scheduling order deadline. (*See* Doc. No. 33.) Further, as Plaintiff correctly points out, § 13-21-102(1.5)(a) allows a plaintiff to request punitive damages, only

after the exchange of initial disclosures, as an amendment to the pleadings. *See* Colo. Rev. Stat. § 13-21-102(1.5)(a). And, even had Plaintiff's motion not been timely filed, Defendant has not shown, nor even argued, that unfair prejudice will result from the amendment. Indeed, the proposed Amended Complaint does not set forth any new factual allegations or causes of action. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (noting that "[c]ourts typically find prejudice only when . . . the amended claims arise out of a subject matter different from what was set forth in the complaint and raise new factual issues"). Because the case is in an early stage, and the parties have yet to complete discovery, Defendant has ample notice of the claims made against it. For those reasons, Plaintiff is entitled to amend her complaint to add punitive damages. *See Squires, ex rel. Squires v. Goodwin*, No. 10-cv-00309, 2012 WL 37508, at *5 (D. Colo. Jan. 9, 2012) (granting a plaintiff's motion to add a claim for punitive damages, because the request was not untimely or prejudicial to the Defendant, and because the plaintiff alleged that the defendant's conduct was "heedless, reckless, and/or without disregard to the consequences").

Accordingly, it is

**ORDERED** that Plaintiff's "Motion to Amend Complaint" (Doc. No. 41) is **GRANTED**. Plaintiff is **ORDERED** to file an amended complaint **no later than Friday, September 6, 2019**.

This 4th day of September, 2019.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge